IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN SHUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-02048 |
| | ) | Judge Trauger / Knowles |
| DUNKIN' BRANDS, INC., and | ) | |
| TIM HENSON, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon Defendants' "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," filed pursuant to Fed. R. Civ. P. 12(b)(2), (3), (6), and 56. Docket No. 13. In support of their Motion, Defendants have contemporaneously filed a supporting memorandum of law (Docket No. 14), a Statement of Undisputed Material Facts (Docket No. 15), and the Declaration of Timothy Henson with Exhibits (Docket Nos. 16 - 16-2). As grounds for their Motion, Defendants argue: (1) Plaintiff cannot pursue his claims against Defendant Henson because this Court lacks personal jurisdiction over him; (2) Plaintiff's claims against both Defendants under the Americans with Disabilities Act ("ADA") are time-barred; (3) Plaintiff cannot pursue his claims against Defendants because this Court is not the proper venue for his claims; and (4) Plaintiff's claims are subject to dismissal because he fails to state a claim upon which relief may be granted. Docket No. 13.

Plaintiff has not responded to the instant Motion or to Defendants' Statement of Undisputed Material Facts, nor has he filed his own Statement of Undisputed Material Facts.[1]

Plaintiff, who, at the time he filed his Complaint in this action, lived in Hendersonville, Tennessee, filed this pro se, in forma pauperis, action on October 30, 2014, pursuant to the ADA, 42 U.S.C. §12101, *et seq.*, alleging that Defendants (his former employer and his former supervisor) discriminated against him, "defame[d]" him, "mock[ed]"him, "belittle[d]" him, "disparage[d]" him, and "discredit[ed]" him verbally, via text message, via email, and in his evaluation, after he disclosed an illness and the need to take time off work for medical treatment. Docket No. 1. Plaintiff contends that this behavior continued until his termination. *Id.* Plaintiff also alleges that Defendants retaliated against him and "belittle[d]" him after he sought assistance from his co-workers, the "employee help line," and the human resources department. *Id.* Finally, Plaintiff avers that he was terminated while out on Family Medical Leave Act ("FMLA") leave and that he was not paid his full final wages. *Id.* Plaintiff seeks payment of his full final wages, as well as lost wages, benefits, insurance, "401K, transportation, [and] bonus." *Id.* Plaintiff also states: "Inforce [*sic*] Dunkin Brands to take ADA complaints. Make so 2 people are not the only people to review serious charges." *Id.*

For the reasons discussed below, the undersigned recommends that the instant Motion (Docket No. 13) be GRANTED.

---

[1] On May 18, 2015, Plaintiff filed a document headed "Marital Settlement Agreement" regarding the recent dissolution of his marriage. Docket No. 17. This document does not appear to be a Response to the instant Motion, and it is unclear how this document could be relevant to the issues before the Court.

## II. Undisputed Facts[2]

### A. Plaintiff's Verified Complaint

Plaintiff's Verified Complaint states as follows:

> Tim (Supervisor) systematically began a campaign once he was aware of my illness. Once he recognized that I would need time off and that would result in our region to not complete assigned objectives he began [to] defame, mock, belittle, disparage, and discredit me. This was done verbally, text, email, evaluation, and at termination. I spoke w/Tim. I seeked guidence [sic] from my co-workers first. Then employee help line. Next I seeked perfessional [sic] counciling [sic]. Lastly I contacted H.R. (Gary Dufalt). I was told they would resolve it. Resolution was for Gary & Tim to create an action plan [that] was false needs of improvement. During this time I was scheduled for surgery and was terminated during this time.
> Additionally final wages were not paid in full.

Docket No. 1.

### B. Declaration of Timothy L. Henson

Timothy L. Henson is employed as an Operations Director for Dunkin' Brands, Inc. ("Dunkin"), and, since 2011, has worked for Dunkin in Massachusetts, Rhode Island, and Connecticut. Docket No. 16, Declaration of Timothy L. Henson ("Henson Dec."), ¶ 2. Prior to 2011, Mr. Henson worked for Dunkin as an Operations Manager, and, prior to that, worked in a role related to operating systems. *Id.* Mr. Henson has never worked for Dunkin in Tennessee or any state other than Massachusetts, Rhode Island, and Connecticut. *Id.*

Mr. Henson lives in Westerly, Rhode Island, and has lived in Rhode Island his entire life. *Id.*, ¶ 3. He has never lived in or worked in Tennessee. *Id.*, ¶ 4. He does not own property in

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

Tennessee, has no bank accounts in Tennessee, has never sued anyone in Tennessee, and, apart from the instant action, has never been sued in Tennessee. *Id.* He has not entered into any contracts with Tennessee residents or businesses. *Id.* Mr. Henson does not believe he has ever been to Tennessee. *Id.*

Dunkin is a Delaware corporation with its principal place of business in Canton, Massachusetts. *Id.*, ¶ 6. All records related to Plaintiff's employment with Dunkin were administered and maintained in Massachusetts. *Id.*, ¶ 8.

Dunkin employed Plaintiff as an Operations Manager in Massachusetts and Rhode Island from January 2011 to November 1, 2013, when his employment was terminated. *Id.*, ¶ 6. Mr. Henson was Plaintiff's direct supervisor. *Id.* Plaintiff worked for Dunkin in Massachusetts and Rhode Island; he never worked for Dunkin in Tennessee or any other state, except for a one week business trip to New Jersey. *Id.*, ¶ 7.

As noted, Plaintiff was terminated from his employment with Dunkin effective November 1, 2013. *Id.*, ¶ 9. On or about February 26, 2014, Plaintiff filed a Charge of Discrimination with the EEOC's Boston, Massachusetts office related to his employment with Dunkin. *Id.*, ¶ 10; Ex. A. On July 23, 2014, the EEOC issued a Notice of Right to Sue letter to Plaintiff. *Id.*, ¶ 11; Ex. B. Plaintiff filed the instant action on October 30, 2014. Docket No. 1.

### III. Analysis

#### A. Fed. R. Civ. P. 12(b)(2), (3), and (6)

Fed. R. Civ. P. 12(b)(2),(3), and (6) state:

> **(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by

4

motion:

. . .

**(2)** lack of personal jurisdiction;

**(3)** improper venue;

. . .

**(6)** failure to state a claim upon which relief can be granted

**B. Jurisdiction**

As an initial matter, federal district courts are courts of limited jurisdiction and possess only that power authorized by the United States Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377 (1994). Congress has conferred original jurisdiction upon federal district courts when there is a federal question arising under the Constitution, laws, or treaties of the United States (28 U.S.C. § 1331), and when there is diversity of citizenship between the parties (28 U.S.C. § 1332). Absent jurisdiction, federal district courts do not have the power to act. *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606-07 (6th Cir. 1998).

There are two forms of jurisdiction: general and personal. General jurisdiction exists when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* at 615 (internal quotation marks and citations omitted). Personal jurisdiction exists when "a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Receiver of Assets of Mid-America Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 888 (M.D. Tenn. 2010).

Personal jurisdiction over a non-resident defendant exists "if the defendant is amenable to

5

service of process under the state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant's due process." *Bird v. Parsons*, 289 (F.3d 865, 871 (6th Cir. 2002))(*citing Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214(a)(6), provides that jurisdiction may be asserted over non-residents to the extent permitted by the due process clause. *See* Tenn. Code Ann. § 20-2-214(a)(6). The due process clause requires that a non-resident defendant may be subject to personal jurisdiction in the forum if it has certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In the Sixth Circuit, personal jurisdiction exists when: (1) the defendant purposefully avails himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action arises from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See, e.g., Mohasco*, 401 F.2d at 381.

## C. Venue

28 U.S.C. § 1391(b) sets forth the conditions for when venue is proper and states:

> **(b) Venue in general.**--A civil action may be brought in--
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

> property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

### D. Fed. R. Civ. P. 12(d)

Fed. R. Civ. P. 12(d) provides:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As noted, the instant Motion is a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." Docket No. 13. In support of that Motion, Defendants have submitted the Declaration of Timothy L. Henson, with Exhibits. Docket Nos. 16 - 16-2. Because the undersigned will consider matters outside the pleadings, the undersigned will treat the instant Motion as a Motion for Summary Judgment.

### E. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on February 3, 2015. Docket No. 13. Plaintiff has

7

failed to respond to the instant Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has also failed to respond to Defendants' Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no disputes as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

## F. Summary Judgment Standards

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their

burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to

summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**G.  Americans With Disability Act  ("ADA")**

    **1.  Generally**

The ADA protects employees from discrimination based on their disabilities.  In order to prevail on a claim of unlawful employment discrimination under the ADA, Plaintiff must demonstrate: (1) that he is, or was perceived as, an individual with a disability; (2) that he is otherwise qualified to perform the job requirements either (a) with or without a reasonable accommodation from the employer, or (b) with an alleged "essential" job requirement eliminated; and (3) that he suffered an adverse employment action "because of" his disability." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir. 1996).  *See also* 42 U.S.C. §§ 12111 and 12112.

    **2.  Venue**

42 U.S.C. § 12117(a) provides that the enforcement provisions of Title VII apply to claims brought under the ADA.

42 U.S.C. § 2000e-5(f)(3) states in relevant part as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent

has his principal office.

**H.  The Case at Bar**

Because a court cannot decide a cause of action for which it lacks jurisdiction or is the improper venue, the initial issues before the undersigned are whether the Court has jurisdiction over, and is the proper venue for, this case.  Plaintiff bears the burden of establishing venue and jurisdiction.  *See, e.g., Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2006); *Audi AG & Volkswagen of Am., Inc.*, 204 F.Supp.2d 1014, 1017 (E.D. Mich. 2002).  Plaintiff has failed to do so.

With regard to the issues of jurisdiction and venue, the following is undisputed:  Dunkin is a Delaware corporation with its principal place of business in Canton, Massachusetts.  Henson Dec., ¶ 6. All records related to Plaintiff's employment with Dunkin were administered and maintained in Massachusetts.  *Id.*, ¶ 8.  Dunkin employed Plaintiff as an Operations Manager in Massachusetts and Rhode Island from January 2011 to November 1, 2013, when his employment was terminated.  *Id.*, ¶ 6.  Plaintiff worked for Dunkin in Massachusetts and Rhode Island; he never worked for Dunkin in Tennessee or any other state, except for a one week business trip to New Jersey.  *Id.*, ¶ 7.  At the time Plaintiff filed his Complaint in this action, he resided in Hendersonville, Tennessee.  Docket No. 1.

Mr. Henson was Plaintiff's direct supervisor.  Henson Dec., ¶ 6. Mr. Henson lives in Westerly, Rhode Island, and has lived in Rhode Island his entire life.  *Id.*, ¶ 3.  He has never lived in or worked in Tennessee, nor has he worked for Dunkin in Tennessee or any state other than Massachusetts, Rhode Island, and Connecticut.  *Id.*, ¶¶ 2, 4.  He does not own property in Tennessee, has no bank accounts in Tennessee, has never sued anyone in Tennessee, and, apart

11

from the instant action, has never been sued in Tennessee. *Id.*, ¶ 4. He has not entered into any contracts with Tennessee residents or businesses. *Id.*

This Court is not the proper venue for Plaintiff's ADA claims. The events and employment practices set forth in Plaintiff's Complaint did not occur in Tennessee, and none of the relevant employment records were maintained in Tennessee. Further, as set forth above, Defendant Henson is not a resident of Tennessee; thus, all Defendants are not residents of Tennessee.

Although there are Dunkin Donuts locations in the Middle District of Tennessee, the Middle District of Tennessee is not the proper venue for this action under 28 U.S.C. § 1391(b). First, as noted, all Defendants are not residents of Tennessee; second, no events or omissions giving rise to this action occurred in Tennessee; and third, there is another district in which this action may appropriately be brought.

Furthermore, as to Defendant Henson specifically, he does not have the requisite minimum contacts with Tennessee, much less any contacts with Tennessee that are of a continuous and systematic nature. Additionally, Defendant Henson did not purposefully avail himself either of acting in Tennessee or of causing a consequence in Tennessee. Moreover, the instant action did not arise out of any activity Defendant Henson engaged in in Tennessee. Thus, this Court lacks personal jurisdiction over Mr. Henson.

### IV. Conclusion

For the foregoing reasons, the undersigned therefore recommends that the instant Motion

(Docket No. 13) be GRANTED, and that this action be DISMISSED.[3]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

---

[3] Under 28 U.S.C. § 1406(a), this Court could transfer this action "to any district or division in which it could have been brought." Mr. Henson's Declaration establishes that Plaintiff worked for Dunkin Brands primarily in Massachusetts and Rhode Island and not in any other state, except for a one week business trip to New Jersey. Docket No. 16, p. 2. Based upon the allegations of the Complaint, however, the undersigned cannot determine which state might be the appropriate venue for transfer and, accordingly, the undersigned cannot recommend transfer of this action to another district.